**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

Albert Russo

CN 4853

Trenton, New Jersey 08650

(609) 587-6888

Standing Chapter 13 Trustee

In Re:

**ILSE M. BELCHER**

Debtor(s).

Order Filed on December 27, 2017
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.:  17-24950 MBK

Hearing Date: December 12, 2017

Judge:  **Michael B. Kaplan**

Chapter 13

### ORDER CONFIRMING CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3), is

**ORDERED.**

**DATED: December 27, 2017**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

The plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such Plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and, this Order being submitted pursuant to D.N.J. LBR 9072-1(d), (7 Day Rule); and, no objection being received thereon; and, for good cause shown;

**ORDERED** that the plan of the above named debtor(s), dated 8/22/17, or the last amended plan of the debtor be and is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 36 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. 586:

$ 1,000.00 Paid to Date ( 5 months)

$16,000.00 lump sum payment by 1/1/2018

$ 3,556.00 for 31 months beginning 1/1/2018

**ORDERED** that the case is confirmed with a calculated plan funding of $127,236.00. General unsecured creditors are scheduled to receive a pro-rate dividend of funds available.

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R.Bank.P. 3002.

**ORDERED** that debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement. Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Chapter 13 Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is <u>not authorized</u> to pay post-petition claims filed pursuant to 11 U.S.C. 1305(a).

**ORDERED** that the debtor(s) must obtain a loan modification by 3/31/2018 or as extended by Loss Mitigation Order.

- Creditor, the Bank of New York Mellon, PACER Claim #1-1, will be paid outside of the Chapter 13 Plan.

**ORDERED** that the Debtor shall sign up for Portal by 12/31/17 and submit loan modification documents by 12/31/17.

**ORDERED** that monthly adequate protection payments in the amount of $3,200.00 will be paid through the Chapter 13 Plan to The Bank of New York Mellon c/o Specialized Loan Servicing, LLC, beginning 1/1/2018.