| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>John F. Bracaglia, Jr., Esq.<br>Savo, Schalk, Gillespie, O'Grodnick & Fisher, P.A.<br>77 North Bridge Street<br>Somerville, NJ  08876<br> (908) 526-0707<br>Attorneys for Debtor | **Order Filed on August 6, 2018<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>Ilse M. Belcher<br><br>                          Debtor. | Case No.:  17--24950<br><br>Adv. No.:<br><br>Hearing Date:  August 14, 2018 @ 9:00 a.m.<br><br>Judge:   Michael B. Kaplan |

## ORDER APPROVING PERMANENT LOAN MODIFICATION AGREEMENT

The relief set forth on the following pages, numbered two (2) through  3  is hereby **ORDERED**.

**DATED: August 6, 2018**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page 2
Debtor: Ilse M. Belcher
Case No: 17-24950 MBK
Caption of Order: Order Approving Loan Modification Agreement

This matter having been opened to the Court upon the motion of debtors for an Order approving a loan modification agreement, and the Court having reviewed the pleadings submitted and appearing that due notice has been given, and it appearing that the said loan modification agreement is proper and in the best interest of the debtor and the estate, and for good cause being shown,

It is hereby ORDERED:

1. Debtor's motion is hereby granted, and the debtor is granted approval to enter into a permanent loan modification agreement with respect to the mortgage secured by the real property owned by the debtor at 384 Valley Road, Watchung, New Jersey.

2. Debtor shall no longer be obligated to make the adequate protection payments indicated in their Chapter 13 plan.

3. Communication and/or negotiations between debtor and mortgagee/mortgage servicers about loan modification shall not be deemed in violation of the automatic stay; and any such communication or negotiation shall not be used by either party against the other in any subsequent litigation.

4. If pre-petition arrears are capitalized into the loan modification, secured creditor shall amend its Proof of Claim within thirty (30) days of the date of this Order.  Upon receipt of an amended Proof of Claim, the Trustee may disburse the funds being reserved pursuant to this order to other creditors in accordance with the provisions of the confirmed plan.

Page   3
Debtor:    Ilse M. Belcher
Case No:   17-24950 MBK
Caption of Order:  Order Approving Loan Modification Agreement

5. If post-petition arrears are capitalized into the loan modification, secured creditor shall file an amended post-petition order with thirty (30) days of the date of this Order.  Upon receipt of an amended post-petition order, the Trustee may disburse the funds being reserved pursuant to this order to other creditors in accordance with the provisions of the confirmed plan.

6. The Debtor shall file an amended Schedule J and Modified Plan with twenty (20) days of this Order.

bmot.Kuntz.order.approving.7.9.18